1
2  **WO**
3
4
5
6                IN THE UNITED STATES DISTRICT COURT
7                      FOR THE DISTRICT OF ARIZONA
8
9  Robert Marcum,                        )   No. CV 12-08196-PCT-FJM
                                         )
10          Plaintiff,                   )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Wells Fargo N.A.; America's Servicing)
13  Company,                             )
                                         )
14          Defendants.                  )
                                         )
15  _____)
16

17       Before the court is defendants' motion to dismiss for failure to state a claim (doc. 5).
18  Plaintiff did not respond to the motion and the time for doing so has long since expired. See
19  LRCiv 7.2(c). Plaintiff's failure to respond to the motion may be deemed a consent to the
20  granting of the motion and we may dispose of the motion summarily. LRCiv 7.2(i).

21       Plaintiff's complaint seeks declaratory and injunctive relief for alleged wrongdoing
22  with regard to a mortgage loan under the following theories: (1) promissory estoppel; (2)
23  fraud; and (3) breach of the duty of good faith and fair dealing. Defendants move to dismiss
24  for failure to state a claim.

25       Defendants argue that even though plaintiff labels his claims as fraud and breach of
26  the duty of good faith and fair dealing, he really seeks to enforce the Home Affordable
27  Modification Act ("HAMP"). In his prayer for relief, plaintiff seeks an injunction preventing
28

defendants from pursuing any foreclosure action against plaintiff's property "until the loan modification process can be completed and expedited." Complaint at 11. HAMP is not a contract between plaintiff and defendants, and does not contain a private right of action. Puzz v. Chase Home Fin., LLC, 763 F. Supp. 2d 1116, 1122 (D. Ariz. 2011). To the extent plaintiff's claims allege violations of HAMP, we dismiss them.

Moreover, even under a liberal reading of the complaint, plaintiff has failed to state a claim for promissory estoppel and fraud. Plaintiff has not alleged any facts indicating that defendants made any promises to the plaintiff, as is required to establish a claim for promissory estoppel. See Higginbottom v. State, 203 Ariz. 139, 144, 51 P.3d 972, 977 (App. 2002). Plaintiff also fails to plead proximate cause and injury, essential elements of a fraud claim. See Peery v. Hansen, 120 Ariz. 266, 269, 585 P.2d 574, 577 (App. 1978). Accordingly, we dismiss plaintiff's promissory estoppel and fraud claims.

Plaintiff's third claim for relief alleges a violation of the duty of good faith and fair dealing arising from the note and deed of trust. Plaintiff alleges that defendants breached the covenant by misrepresenting the note holder's willingness to modify the plaintiff's loan, and the requirements to qualify for the HAMP program. The note and deed of trust do not require defendants to facilitate or approve modification of the loan. Therefore, defendants' alleged actions do not impair the rights afforded to plaintiff in the note and deed of trust. We grant defendants' motion to dismiss plaintiff's third claim.

**IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 5). The clerk shall enter final judgment.

We urge plaintiff to seek the advice of counsel. If he does not have a lawyer, he may wish to call the Lawyer Referral Service of the Maricopa Bar Association at 602-257-4434.

DATED this 14th day of November, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge